Filed 11/8/23 P. v. Arrellano CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. MARCOS RUIZ ARRELLANO, Defendant and Appellant. | B326453 (Los Angeles County Super. Ct. No. BA252095) |

APPEAL from a judgment of the Superior Court of Los Angeles County, H. Clay Jacke II, Judge. Affirmed.

John Steinberg, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

In December 2001, Marcos Ruiz Arrellano (defendant) repeatedly stabbed another man to death at a birthday party. A jury later convicted him of first degree murder, and the trial court sentenced him to 25 years to life in prison. In an unpublished decision, a different panel of this Court affirmed the conviction on direct appeal. (*People v. Arrellano* (Jan. 6, 2006, B180408) [nonpub. opn.] (*Arrellano I*).)

Many years later, defendant petitioned for resentencing pursuant to former Penal Code section 1170.95, now codified at Penal Code section 1172.6.[1] The trial court appointed counsel for defendant and held a hearing to consider whether he stated a prima facie case for relief. The court found he had not, reasoning defendant had been prosecuted as the victim's actual killer and his jury had not been instructed on felony murder, the natural and probable consequences doctrine, or any other theory of imputed malice.

Defendant appealed, and this court appointed counsel to represent him. After examining the record, defendant's attorney found no arguable issues to raise and filed an opening brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216. We invited defendant to submit a supplemental brief and he has done so.

Defendant's contentions, all of which concern errors made prior to or at his criminal trial, fall into two categories: arguments which were raised and resolved previously in *Arrellano I*, and arguments that were not (e.g., an apparent claim of ineffective assistance of counsel and a contention concerning

---

[1] Undesignated statutory references that follow are to the Penal Code.

fingerprint evidence on a bottle of tequila).  Because none of these arguments bear on whether he could "presently be convicted of murder . . . because of changes to Section 188 or 189 made effective January 1, 2019" (§ 1172.6, subd. (a)(3)), they provide no basis for reversal.  (*People v. DeHuff* (2021) 63 Cal.App.5th 428, 438 [section 1172.6 "does not permit a petitioner to establish eligibility on the basis of alleged trial error"].)  Defendant's citation to *In re Lopez* (2023) 14 Cal.5th 562 is unavailing because that case concerns "alternative-theory" error and here defendant's jury was instructed only on one theory, malice aforethought.

DISPOSITION

The order denying defendant's section 1172.6 petition is affirmed.


NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS



BAKER, Acting P. J.

We concur:



MOOR, J.



KIM, J.



3